AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**DEFENDANT - U.S**

▶ JEREMY DONAGAL

DISTRICT COURT NUMBER

CR14-00285

JST

FILED

2014 MAY 22 P 1:01

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   ☐ No

If "Yes" give date filed

**DATE OF ARREST** ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶  Month/Day/Year

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Kevin Barry

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:

☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Jeremy Donagal**
**Indictment**

## Offenses Charged

| | |
|---|---|
| Counts One and Two | 21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute a Controlled Substance |
| Counts Three, Four, and Five | 21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute |
| Count Six | 21 U.S.C. § 331(i)(3) – Sale of Counterfeit Drugs |
| Count Seven | 18 U.S.C. § 1956(a)(2)(A) – International Money Laundering |
| Count Eight | 18 U.S.C. § 1956(a)(2)(B)(ii) – International Money Laundering |
| Count Nine, Ten, and Eleven | 31 U.S.C. § 5324(a)(3) – Structuring |

## Penalties

| | |
|---|---|
| Counts One, Two, Three, Four, and Five | For Schedule I and II Controlled Substances (such as marijuana, GHB, MDMA, and oxycodone): 20 years' imprisonment; $1,000,000 fine; lifetime supervised release, with a minimum term of three years' supervised release; a $100 special assessment |
| | For Schedule III controlled substances (such as anabolic steroids): 10 years' imprisonment; $500,000 fine; lifetime supervised release, with a minimum term of two years' supervised release; a $100 special assessment |
| | For Schedule IV controlled substances (such as alprazolam): 5 years' imprisonment; $250,000 fine; lifetime supervised release, with a minimum term of one year of supervised release; a $100 special assessment |
| Count Six | 3 years' imprisonment; $10,000 fine; one year of supervised release; $100 special assessment |

| | |
|---|---|
| Counts Seven and Eight | 20 years' imprisonment; $500,000 fine, or twice the value of the property involved in the transaction; three years' supervised release; $100 special assessment |
| Count Nine, Ten, and Eleven | 10 years' imprisonment; $500,000 fine; three years' supervised release; $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See Attachment
☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

─── DEFENDANT - U.S ───

LAURENCE LINDBERG

DISTRICT COURT NUMBER

CR14-00285

─── DEFENDANT ───

IS *NOT* IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding.
    If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
    If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount:  No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Laurence Lindberg**
**Indictment**

## Offenses Charged

Count One          21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                   Intent to Distribute a Controlled Substance

Count Three        21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a
                   Controlled Substance with Intent to Distribute

## Penalties

Counts One and     For Schedule I and II Controlled Substances (such as marijuana, GHB,
Three              MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime
                   supervised release, with a minimum term of three years' supervised release; a
                   $100 special assessment

                   For Schedule III controlled substances (such as anabolic steroids):  10 years'
                   imprisonment; $500,000 fine; lifetime supervised release, with a minimum
                   term of two years' supervised release; a $100 special assessment

                   For Schedule IV controlled substances (such as alprazolam): 5 years'
                   imprisonment; $250,000 fine; lifetime supervised release, with a minimum
                   term of one year of supervised release; a $100 special assessment

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

─── **OFFENSE CHARGED** ───

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

─── **DEFENDANT - U.S** ───

DUSTON KIRK

**DISTRICT COURT NUMBER**

CR14-00285

JST
FILED

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
2014 MAY 22

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction        ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

**DATE OF
ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount:   No Bail

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                   Before Judge:

Comments:

**Attachment to Penalty Sheet**
**<u>United States v. Duston Kirk</u>**
Indictment

## <u>Offenses Charged</u>

| | |
|---|---|
| Count One | 21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute a Controlled Substance |
| Count Three | 21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute |
| Count Seven | 18 U.S.C. § 1956(a)(1)(B)(ii) – International Money Laundering |
| Counts Nine, Ten and Eleven | 31 U.S.C. § 5324(a)(3) – Structuring |

## <u>Penalties</u>

| | |
|---|---|
| Counts One and Three | For Schedule I and II Controlled Substances (such as marijuana, GHB, MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime supervised release, with a minimum term of three years' supervised release; a $100 special assessment |
| | For Schedule III controlled substances (such as anabolic steroids):  10 years' imprisonment; $500,000 fine; lifetime supervised release, with a minimum term of two years' supervised release; a $100 special assessment |
| | For Schedule IV controlled substances (such as alprazolam): 5 years' imprisonment; $250,000 fine; lifetime supervised release, with a minimum term of one year of supervised release; a $100 special assessment |
| Count Seven | 20 years' imprisonment; $500,000 fine, or twice the value of the property involved in the transaction; three years' supervised release; $100 special assessment |
| Counts Nine, Ten, and Eleven | 10 years' imprisonment; $500,000 fine; three years' supervised release; $100 special assessment |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
   ☐ SUPERSEDING

─── OFFENSE CHARGED ───

31 U.S.C. § 5324(a)(3) – Structuring

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  10 years' imprisonment; $500,000 fine; three years' supervised release; $100 special assessment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

─── DEFENDANT - U.S ───

▶ ALICIA MITTS

DISTRICT COURT NUMBER

CR14-00285 JST

FILED

2014 MAY 22 P 1:0

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:      } SHOW DOCKET NO.
   ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant      } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

─── DEFENDANT ───

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction      } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution

_____

Has detainer   ☐ Yes    } If "Yes" give date filed
been filed?    ☐ No

DATE OF ARREST ▶ _____   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ _____   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT      Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ MICHAEL GONZALEZ

DISTRICT COURT NUMBER

CR14-00285

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:         Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Michael Gonzalez**
**Indictment**

**Offenses Charged**

Count One        21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                 Intent to Distribute a Controlled Substance

Count Three      21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a
                 Controlled Substance with Intent to Distribute

**Penalties**

Counts One and   For Schedule I and II Controlled Substances (such as marijuana, GHB,
Three            MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime
                 supervised release, with a minimum term of three years' supervised release; a
                 $100 special assessment

                 For Schedule III controlled substances (such as anabolic steroids):  10 years'
                 imprisonment; $500,000 fine; lifetime supervised release, with a minimum
                 term of two years' supervised release; a $100 special assessment

                 For Schedule IV controlled substances (such as alprazolam): 5 years'
                 imprisonment; $250,000 fine; lifetime supervised release, with a minimum
                 term of one year of supervised release; a $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

─── DEFENDANT - U.S ───

► THOMAS ELLIOTT

DISTRICT COURT NUMBER

CR14-00285 JST

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

─── DEFENDANT ───

IS *NOT* IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST ►
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►
Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Thomas Elliott**
**Indictment**

## Offenses Charged

Count One             21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                      Intent to Distribute a Controlled Substance

Count Three           21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a
                      Controlled Substance with Intent to Distribute

## Penalties

Counts One and        For Schedule I and II Controlled Substances (such as marijuana, GHB,
Three                 MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime
                      supervised release, with a minimum term of three years' supervised release; a
                      $100 special assessment

                      For Schedule III controlled substances (such as anabolic steroids):  10 years'
                      imprisonment; $500,000 fine; lifetime supervised release, with a minimum
                      term of two years' supervised release; a $100 special assessment

                      For Schedule IV controlled substances (such as alprazolam): 5 years'
                      imprisonment; $250,000 fine; lifetime supervised release, with a minimum
                      term of one year of supervised release; a $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

──── OFFENSE CHARGED ────

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

MAY 22 P 1:08

─── DEFENDANT - U.S ───

MICHAEL TOMADA

DISTRICT COURT NUMBER

CR14-00285

JST

──── PROCEEDING ────

Name of Complainant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)      Kevin Barry

──── DEFENDANT ────

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT      Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Michael Tomada**
**Indictment**

**Offenses Charged**

Count One          21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                   Intent to Distribute a Controlled Substance

Count Three        21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a
                   Controlled Substance with Intent to Distribute

**Penalties**

Counts One and     For Schedule I and II Controlled Substances (such as marijuana, GHB,
Three              MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime
                   supervised release, with a minimum term of three years' supervised release; a
                   $100 special assessment

                   For Schedule III controlled substances (such as anabolic steroids):  10 years'
                   imprisonment; $500,000 fine; lifetime supervised release, with a minimum
                   term of two years' supervised release; a $100 special assessment

                   For Schedule IV controlled substances (such as alprazolam): 5 years'
                   imprisonment; $250,000 fine; lifetime supervised release, with a minimum
                   term of one year of supervised release; a $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   5 years' imprisonment; $250,000 fine; lifetime supervised release, with a minimum term of one year of supervised release; a $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**DEFENDANT - U.S**

▶   KENNETH KOSKINIEMI

DISTRICT COURT NUMBER
CR14-00285 JST

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Kevin Barry

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT       Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:               Before Judge:

Comments:

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

See Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED MAY 22

### DEFENDANT - U.S

▶ CHRISTOPHER NEELY

DISTRICT COURT NUMBER

## CR14-00285 JST

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Kevin Barry

### DEFENDANT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes     If "Yes"
been filed?    ☐ No      give date
filed

DATE OF                Month/Day/Year
ARREST        ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED          Month/Day/Year
TO U.S. CUSTODY    ▶

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

**Attachment to Penalty Sheet**
**United States v. Christopher Neely**
**Indictment**

**Offenses Charged**

Count Five        21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                  Intent to Distribute a Controlled Substance

Count Eight       18 U.S.C. § 1956(a)(2)(A) – International Money Laundering

**Penalties**

Count Five        For Schedule I and II Controlled Substances (such as marijuana, GHB,
                  MDMA, and oxycodone):  20 years' imprisonment; $1,000,000 fine; lifetime
                  supervised release, with a minimum term of three years' supervised release; a
                  $100 special assessment

                  For Schedule III controlled substances (such as anabolic steroids):  10 years'
                  imprisonment; $500,000 fine; lifetime supervised release, with a minimum
                  term of two years' supervised release; a $100 special assessment

                  For Schedule IV controlled substances (such as alprazolam): 5 years'
                  imprisonment; $250,000 fine; lifetime supervised release, with a minimum
                  term of one year of supervised release; a $100 special assessment

Count Eight       20 years' imprisonment; $500,000 fine, or twice the value of the property
                  involved in the transaction; three years' supervised release; $100 special
                  assessment

# United States District Court

### FOR THE
## NORTHERN DISTRICT OF CALIFORNIA



VENUE: Oakland

---

UNITED STATES OF AMERICA,

### v.

JEREMY DONAGAL,
LAURENCE LINDBERG,
DUSTON KIRK,
ALICIA MITTS,
MICHAEL GONZALEZ,
THOMAS ELLIOTT,
MICHAEL TOMADA,
KENNETH KOSKINIEMI, and
CHRISTOPHER NEELY,

### DEFENDANT.



FILED

2014 MAY 22 P 12:59

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR14-00285 JST

---

INDICTMENT

21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute a Controlled Substance; 21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute; 21 U.S.C. § 331(i)(3) – Sale of Counterfeit Drugs; 18 U.S.C. § 1956(a)(2)(A) – International Money Laundering; 18 U.S.C. § 1956(a)(2)(B)(ii) – International Money Laundering; 31 U.S.C. § 5324(a)(3) – Structuring; 21 U.S.C. § 853 – Drug Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; 31 U.S.C. § 5317 – Structuring Forfeiture

_____ Foreman

Filed in open court this 22nd day of
May, 2014

_____ Clerk

Bail, $ no bail warrants for all defendants

FILED

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3                          2014 MAY 22  P 12: 59

4                          RICHARD W. WIEKING
                           CLERK, U.S. DISTRICT COURT
                           NORTHERN DISTRICT OF CALIFORNIA
5

6

7

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12  UNITED STATES OF AMERICA,            )  CASE NO. CR14-00285
                                         )
13        Plaintiff,                     )  VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to
                                         )  Manufacture, Distribute, and Possess with Intent to
14  v.                                   )  Distribute a Controlled Substance; 21 U.S.C. §
                                         )  841(a)(1) – Manufacture, Distribution, and
15  JEREMY DONAGAL,                      )  Possession of a Controlled Substance with Intent to
        a/k/a "Xanax King,"              )  Distribute; 21 U.S.C. § 331(i)(3) – Sale of Counterfeit
16      a/k/a "XK,"                      )  Drugs; 18 U.S.C. § 1956(a)(2)(A) – International
    LAURENCE LINDBERG,                   )  Money Laundering; 18 U.S.C. § 1956(a)(2)(B)(ii) –
17  DUSTON KIRK,                         )  International Money Laundering; 31 U.S.C. §
    ALICIA MITTS,                        )  5324(a)(3) – Structuring; 21 U.S.C. § 853 – Drug
18  MICHAEL GONZALEZ,                    )  Forfeiture; 18 U.S.C. § 982(a)(1) – Money
    THOMAS ELLIOTT,                      )  Laundering Forfeiture; 31 U.S.C. § 5317 –
19  MICHAEL TOMADA,                      )  Structuring Forfeiture
    KENNETH KOSKINIEMI, and             )
20  CHRISTOPHER NEELY,                   )  OAKLAND VENUE
                                         )
21        Defendants.                    )
                                         )
    _____       )
22

23                    I N D I C T M E N T

24  The Grand Jury Charges:

25  COUNT ONE:          (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                        Intent to Distribute Controlled Substances)
26

27        Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in

28  the Northern District of California, the defendants,

    INDICTMENT                              1

JEREMY DONAGAL,
LAURENCE LINDBERG,
DUSTON KIRK,
MICHAEL GONZALEZ,
THOMAS ELLIOTT, and
MICHAEL TOMADA,

and others known and unknown to the Grand Jury did knowingly and intentionally conspire to

manufacture, to distribute, and to possess with intent to distribute controlled substances, to wit:

alprazolam and others. All in violation of Title 21, United States Code, Sections 846, 841(a)(1),

841(b)(1)(C), and 841(b)(1)(E).

COUNT TWO:        (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with
                  Intent to Distribute Controlled Substances)

Beginning on a date unknown to the Grand Jury, and continuing to on or about January 9, 2014,

in the Northern District of California, the defendants,

JEREMY DONAGAL and
CHRISTOPHER NEELY,

and others known and unknown to the Grand Jury did knowingly and intentionally conspire to

manufacture, to distribute, and to possess with intent to distribute controlled substances, to wit:

alprazolam and others. All in violation of Title 21, United States Code, Sections 846, 841(a)(1),

841(b)(1)(C), and 841(b)(1)(E).

COUNT THREE:      (21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession with Intent to
                  Distribute Controlled Substances)

Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in

the Northern District of California, the defendants,

JEREMY DONAGAL,
LAURENCE LINDBERG,
DUSTON KIRK,
MICHAEL GONZALEZ,
THOMAS ELLIOTT, and
MICHAEL TOMADA,

did knowingly and intentionally manufacture, distribute, and possess with intent to distribute controlled

substances, to wit: alprazolam and others. All in violation of Title 21, United States Code, Sections

841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

/

1  COUNT FOUR:          (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute a Controlled
                        Substance)

2  On or about April 29, 2014, in the Northern District of California, the defendants,

3                              JEREMY DONAGAL and
4                              KENNETH KOSKINIEMI,

5  did knowingly and intentionally possess with intent to distribute a controlled substance, to wit:

6  alprazolam.  All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

7  COUNT FIVE:          (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute a Controlled
                        Substance)

8  Beginning on a date unknown to the Grand Jury, and continuing to on or about January 9, 2014,

9  in the Northern District of California, the defendants,

10                             JEREMY DONAGAL and
11                             CHRISTOPHER NEELY,

12  did knowingly and intentionally possess with intent to distribute a controlled substance, to wit:

13  alprazolam.  All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and

14  841(b)(1)(E).

15  COUNT SIX:          (21 U.S.C. § 331(i)(3) – Sale of Counterfeit Drugs)

16  Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in

17  the Northern District of California, the defendant,

18                             JEREMY DONAGAL,

19  did, with intent to defraud and mislead, and without the authorization of Pfizer, Inc., sell, dispense, and

20  hold for sale and dispensing tablets of alprazolam embossed with the trademark "XANAX®" on one

21  side and the number "2" on the reverse, said marks being the trademark of Pfizer, which drugs were not

22  manufactured by or under the authorization of Pfizer, thereby causing the alprazolam tablets to be

23  counterfeit drugs as defined at 21 U.S.C. § 321(g)(2).  All in violation of Title 21, United States Code,

24  Sections 331(i)(3) and 333(a)(2).

25  COUNT SEVEN:        (18 U.S.C. § 1956(a)(1)(B)(ii) – International Money Laundering)

26  Beginning on or about February 28, 2014, and continuing to on or about April 24, 2014, in the

27  Northern District of California, the defendants,

28                             JEREMY DONAGAL and
                               DUSTON KIRK,

INDICTMENT                                      3

1

2  did transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments

3  and funds, that is, Western Union wire transfers of United States currency, from a place in the United

4  States, that is, the Northern District of California, to a place outside the United States, that is, China,

5  knowing that the monetary instruments and funds involved in the transportation, transmission, and

6  transfer represented the proceeds of some form of unlawful activity and knowing that such

7  transportation was designed in whole or in part to avoid a transaction reporting requirement under state

8  and federal law. All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

9  COUNT EIGHT:          (18 U.S.C. § 1956(a)(2)(A) – International Money Laundering)

10         Beginning on or about October 23, 2013, and continuing to on or about December 28. 2013, in

11  the Northern District of California, the defendants,

12                                    JEREMY DONAGAL and
                                      CHRISTOPHER NEELY,

13  did transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments

14  and funds, that is, Western Union wire transfers of United States currency, from a place in the United

15  States, that is, the Northern District of California, to a place outside the United States, that is, China,

16  with the intent to promote the carrying on of specified unlawful activity, that is, manufacturing,

17  dispensing, and possessing with intent to distribute controlled substances, in violation of Title 21, United

18  States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E) as charged in Count Five of this

19  Indictment. All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

20

21  COUNTS NINE THROUGH ELEVEN:          (31 U.S.C. § 5324(a)(3) – Structuring)

22         On or about the dates set forth below, in the Northern District of California, the defendants,

23                                    JEREMY DONAGAL,
                                      DUSTON KIRK, and
24                                    ALICIA MITTS,

25  did knowingly and for the purpose of evading the reporting requirements of Section 5325 of Title 31,

26  United States Code and the regulations promulgated thereunder, structure the following transactions

27  with domestic financial institutions:

28  //

INDICTMENT                                    4

| Count | Date | Description |
|-------|------|-------------|
| NINE | March 5, 2014 | Five Western Union wire transfers, all to a recipient in Wuhan, China, for a total of $9,000. The wires were made at Cash 1 in Martinez, CA, at Check into Cash in Antioch, CA, at NorCal Financial Services in Antioch, CA, at We Cash 1 in Brentwood, CA, and at a Safeway store in Brentwood, CA. Each wire was for $1,800, and each was below the $3,000 reporting requirement for Western Union transactions. |
| TEN | March 17, 2014 | Four Western Union wire transfers, all to a recipient in Huai'an City, China, for a total of $6,800. The wires were made at Quick Check Cashing in Brentwood, CA, at NorCal Financial Services in Antioch, CA, at Cash 1 in Martinez, CA, and at CA Check Cashing in Martinez, CA. Each wire was for $1,700, and each was below the $3,000 reporting requirement for Western Union transactions. |
| ELEVEN | April 23, 2014 | Five Western Union wire transfers, all to a recipient in Hubei, China, for a total of $8,750. The wires were made at Quick Check Cashing in Brentwood, CA, at NorCal Financial Services in Antioch, CA, at CA Check Cashing in Martinez, CA, at Cash 1 in Martinez, CA, and at a Safeway store in Brentwood, CA. Each wire was for $1,750, and each was below the $3,000 reporting requirement for Western Union transactions. |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION ONE:     (21 U.S.C. § 853 – Drug Forfeiture)

1.     The factual allegations contained in Counts One through Five of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

2.     Upon a conviction of any of the offenses alleged in Counts One through Five, the defendants,

JEREMY DONAGAL,
LAURENCE LINDBERG,
DUSTON KIRK,
MICHAEL GONZALEZ,
THOMAS ELLIOT,

INDICTMENT                                                    5

1  MICHAEL TOMADA,
   KENNETH KOSKINIEMI, and
2  CHRISTOPHER NEELY,

3  shall forfeit to the United States all right, title, and interest in property constituting and derived from any

4  proceeds defendant obtained, directly or indirectly, as a result of said violations, and any property used,

5  or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

6  violations, including, but not limited to:

7      a.      212 Loreto Court, Martinez, CA 94553, Contra Costa County Assessor's Parcel # (161-

8  172-012-7);

9      b.      342 Kathleen Drive, Pleasant Hill, CA 94523, Contra Costa County Assessor's Parcel #

10  (153-183-007); and

11     c.      a dark blue / purple Harley Davidson Road King model motorcycle, registered to Michael

12  Tomada, CA license plate number 18K4291.

13     3.      If any of the property described above, as a result of any act or omission of the

14  defendants:

15     a.      cannot be located upon the exercise of due diligence;

16     b.      has been transferred or sold to or deposited with, a third person;

17     c.      has been placed beyond the jurisdiction of the Court;

18     d.      has been substantially diminished in value; or

19     e.      has been commingled with other property which cannot be divided without difficulty;

20  any and all interest defendant has in any other property (not to exceed the value of the above forfeitable

21  property) shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p)

22  as incorporated by Title 28, United States Code, Section 2461(c).  All in violation of Title 21 United

23  States Code, Sections 853(a)(1) and (a)(2) and pursuant to Rule 32.2 of the Federal Rules of Criminal

24  Procedure.

25  FORFEITURE ALLEGATION TWO:        (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

26     4.      The allegations contained in Counts Seven and Eight of this Indictment are hereby

27  realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18,

28  United States Code, Section 982(a)(1).

INDICTMENT                                    6

5. Upon conviction of any offense in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(ii) as alleged in Counts Seven and Eight of the Indictment, the defendants,

JEREMY DONAGAL,
DUSTON KIRK, and
CHRISTOPHER NEELY,

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: $28,330 in Western Union wire transfers to China made from October 23, 2013, through December 28, 2013, and $52,120 in Western Union wire transfers made from February 28, 2014 through April 24, 2014.

6. If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). All in violation of Title 18, United States Code, Section 982(a)(1) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION THREE:    (31 U.S.C. § 5317 – Structuring Forfeiture)

7. The allegations contained in Counts Nine through Eleven of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 31, United States Code, Section 5317.

8. Upon conviction of an offense in violation of Title 31, United States Code, Section 5324, as alleged in Counts Five through Eight in the Indictment, the defendants,

JEREMY DONAGAL,
DUSTON KIRK, and

INDICTMENT    7

ALICIA MITTS,

shall forfeit to the United States of America all property, real or personal, involved in the offenses and any property traceable to such property. The property to be forfeited includes, but is not limited to,

    a.    $9,000.00 in Western Union wire transfers made on or about March 5, 2014;

    b.    $6,800.00 in Western Union wire transfers made on or about March 17, 2014; and

    c.    $8,750.00 in Western Union wire transfers made on or about April 23, 2014.

    9.    If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c). All in violation of Title 31, United States Code, Section 5317 and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: *May 22, 2014*

A TRUE BILL.

FOREPERSON

MELINDA HAAG
United States Attorney

DOUGLAS WILSON  ( KB w/
permission )
Chief, Criminal Division

(Approved as to form:
AUSA BARRY

INDICTMENT

8